**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLEN JEFFREY SATZ,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE PETER GEIGER, *et al.*,<br><br>Defendants. | Civil Action No. 26-9295 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>September 23, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Allen Jeffrey Satz's ("Plaintiff") Complaint and Order to Show Cause[1] (D.E. 1, 1-3) pursuant to Federal Rule of Civil Procedure ("Rule") 65; and

**WHEREAS** injunctive relief is an extraordinary remedy and should be granted only when the movant has satisfied these four factors: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)). The Third Circuit has placed particular emphasis on the first two

[1] Courts in this District have consistently recognized an Order to Show Cause as a procedural vehicle for a preliminary injunction. *Jews For Jesus v. Brodsky*, 993 F. Supp. 282, 287 (D.N.J. 1998). Accordingly, this Court will construe the present Order to Show Cause as a motion for preliminary injunction. *See Marine Elec. Sys., Inc. v. MES Fin., LLC*, 644 F. Supp. 3d 84, 87 (D.N.J. 2022).

factors, instructing that it "cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)).

**WHEREAS** New Jersey's Extreme Risk Protective Order Act of 2018 ("ERPO") authorizes a court to issue a Temporary Extreme Risk Protection Order ("TERPO") only if it finds good cause to believe that the individual poses an immediate and present danger of causing bodily injury to themselves or others by possessing a firearm. N.J. Stat. Ann. § 2C:58-23e. If entered, a TERPO prohibits the individual from owning firearms or ammunition and imposes additional firearms-related restrictions. § 2C:58-23g. However, ERPO proceedings are considered quasi-criminal civil enforcement proceedings, and when a state civil proceeding is quasi-criminal in nature, a federal court must evaluate the *Middlesex* factors[2] before applying *Younger* abstention and declining to hear the case. *Greco v. Bruck*, No. 21-1035, 2022 WL 1515375, at *2 (3d Cir. May 13, 2022); *PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 883 (3d Cir. 2020) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). This District has held that because ERPO proceedings are judicial in nature, implicate important state interests, and afford respondents an opportunity to raise constitutional challenges, the *Middlesex* factors favor abstention. *Burg v. Platkin*, No. 24-10076, 2024 WL 5198776, at *6 (D.N.J. Dec. 23, 2024). Under *Younger* abstention, a federal court must dismiss a federal case seeking injunctive relief. *Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[2] The *Middlesex* factors require courts to consider whether: (1) there are ongoing judicial proceedings; (2) those proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432.

**WHEREAS** federal courts lack authority to directly suspend or discipline a state or municipal police officer or sergeant, because that power is vested exclusively in the state official charged with overseeing the department. N.J. Stat. Ann. § 40A:14-147.

**WHEREAS** irreparable harm cannot be established solely on past injury, as the inquiry concerns threat of future harm. *TriFound Fin., LLC v. Greenberg*, No. 20-19303, 2021 WL 194763, at *5 (D.N.J. Jan. 20, 2021) (citing *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997)).

**WHEREAS** here, Plaintiff asks this Court to dissolve the Temporary Extreme Risk Protection Order ("TERPO") against him and to suspend Sergeant Brad Gilmore and Police Officer John Hwang from duty pending the resolution of this case. (D.E. 1-3.) Plaintiff alleges that Sergeant Gilmore and Officer Hwang participated in Plaintiff's unlawful detention and involuntary commitment to a psychiatric facility in January 2026. (*See generally* Compl.)

**WHEREAS** regarding the likelihood of success, the injunctive relief that Plaintiff seeks—dissolution of the TERPO—is a part of the ERPO process from which this Court must abstain and must dismiss under *Younger* abstention. In addition, this Court lacks the authority to suspend Sergeant Gilmore or Officer Hwang, because the power to suspend a state or municipal police officer lies solely with the head of the department. Because both requests for injunctive relief must be dismissed, Plaintiff cannot demonstrate a likelihood of success on the merits.

**WHEREAS** as to irreparable harm, Plaintiff's allegations concern only past events—such as emotional distress arising from his hospital commitment and his interactions with law enforcement. (Compl. ¶ 52.) Plaintiff does not allege any real and immediate threat of future harm. Accordingly, Plaintiff has not shown that he will suffer irreparable harm absent injunctive relief.

Therefore, Plaintiff's Order to Show Cause is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Leda D. Wettre, U.S.M.J.